UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES E. JUSTICE,           )<br>                              )<br>           Plaintiff,          )<br>   vs.                        )<br>                              )<br>MICHAEL J. ASTRUE,             )<br>                              )<br>           Defendant.         ) | No. 1:07-cv-1512-DFH-JMS |

### Entry and Order Directing Dismissal of Action

For the reasons explained in this Entry, the action must be dismissed.

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

**II.**

**A.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

A claim may be dismissed under the above standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief it seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994). The court is not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claims, nor must the court give any weight to unsupported conclusions of law. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).

**B.**

The plaintiff, Charles Justice, is confined at an Indiana prison and brings the present action seeking to compel the Social Security Administration ("SSA") to cease its determination that three children born to his ex-wife during their marriage are eligible for dependents benefits. He has apparently sought to bring this about through less formal means, but without success.

The complaint further recites that in the dissolution of marriage decree, Justice's ex-wife was awarded custody of the three children and was awarded child support benefits derived from his Social Security disability award. After the dissolution decree was issued, adoption proceedings were initiated for the children. Justice was notified of those proceedings and requested the state court investigate his ex-wife's claim for child support benefits based on a claim she made at some point that Justice was not the biological father of one of the children. One or more of the children have been adopted, but benefits from the SSA continue to be received by Justice's ex-wife.

**C.**

This is a court of limited jurisdiction. Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case, *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994).

"Whichever side chooses federal court must establish jurisdiction." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005). The defendant in this action is the Commissioner of the SSA.[1]

The customary judicial role in a disability matter is authorized by 42 U.S.C. § 405(g), which requires that a plaintiff receive a final decision from the Secretary before seeking judicial review of his claim. In order to obtain a final decision from the Secretary, a plaintiff must exhaust his administrative remedies by proceeding through all three stages of the administrative process and then seek judicial review of his claim. *See Bowen v. City of New York,* 476 U.S. 467, 482 (1986).

---

[1] Justice's request to proceed *in forma pauperis* designates different individuals as defendants, but it is the complaint which governs, and no claim is asserted against, nor is relief sought from, the individuals shown as putative defendants in the request to proceed *in forma pauperis*.

As interpreted by the Supreme Court, this "final decision" requirement consists of two elements. The first element requires that a claim be filed with the Commissioner. The second element is that a claimant exhaust his administrative remedies before seeking judicial review. *Johnson v. Sullivan,* 922 F.2d 346, 352-53 (7th Cir. 1990). The review of a decision under § 405(g) is exclusive. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). There is no allegation in the complaint that Justice has received a final decision regarding his claim to terminate Social Security benefits. Because of this, the court has no jurisdiction over the action.

Justice cannot circumvent the exclusive jurisdiction granted in § 405(g) and the conditions which are established for the exercise of that jurisdiction. The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief, and only if the defendant owes him a clear non-discretionary duty. *Heckler v. Ringer,* 466 U.S. 602 (1984). "Mandamus jurisdiction is not meant to be invoked where, as in the instant case, a plaintiff fails to properly exhaust her administrative remedies and is thus barred from judicial review." *Silva v. Bowen,* 1988 WL 252078, *2 (N.D.Cal. 1988). A contrary finding would run afoul of the United States' sovereign immunity by creating a new avenue of judicial review of the SSA disability claims process where Congress has not seen fit to waive that immunity. This is beyond the power of this court. *Cash v. Barnhart,* 327 F.3d 1252, 1257-58 (11th Cir. 2003) (court determined that the ALJ had no duty to provide Cash with a hearing, and there was no mandamus jurisdiction).

### III.

A federal district court has a duty to ensure its jurisdiction over the subject matter of a controversy. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (stating that federal courts are "under an independent obligation to examine their own jurisdiction"). Because the complaint in this case shows that no subject matter jurisdiction exists, the complaint lacks an arguable basis in law and hence must be dismissed pursuant to 28 U.S.C. § 1915A(b). *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/8/2008